Maximiliano D. Couvillier III, Esq.
Nevada Bar No. 7661
**KENNEDY & COUVILLIER, PLLC**
3271 E. Warm Springs Rd.
Las Vegas, NV 89120
Tel: (702) 605-3440
Fax: (702) 625-6367
mcouvillier@kclawnv.com

*Attorneys for Plaintiff Tangiers Global, LLC*

# UNITES STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TANGIERS GLOBAL, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>VGAMBLING, INC. n/k/a ESPORTS ENTERTAINMENT GROUP, INC., a Nevada corporation,<br><br>Defendant. | Case No. 20-1434<br><br>**COMPLAINT** |

Plaintiff Tangiers Global, LLC ("**Tangiers**"), by and through its undersigned counsel, hereby files this Complaint against Defendant VGambling, Inc. n/k/a Esports Entertainment Group, Inc. ("**Esports**"). In furtherance of the same, Tangiers respectfully states the following:

### NATURE OF ACTION

1. This action ("**Action**") arises out of Defendant Esport's breaches of a certain 8% convertible promissory note, dated June 3, 2016 (the "**Note**"), and Common Stock Purchase Warrant, dated June 3, 2016 (the "**Purchase Warrant**") (attached hereto as "Exhibit A").

## PARTIES

2. Tangiers is a Wyoming limited liability company with its principal place of business in San Juan, Puerto Rico. Tangiers provides working and expansion funding to small and microcap public companies.

3. Defendant Esports is a Nevada corporation with its principal place of business in Birkirkara, Malta. Esports operates as an online gambling company.

## JURISDICTION

4. This is an action by a Wyoming citizen against a Nevada citizen for breach of contract. Federal jurisdiction is thus premised on complete diversity of citizenship pursuant to 28 U.S.C. 1332.

5. Tangiers is a Wyoming two (2) member limited liability company. Neither member of Tangiers is a citizen of Nevada.

6. Defendant Esports is a Nevada corporation with its principal place of business in Birkirkara, Malta. Tangiers has conducted a reasonably diligent inquiry of publicly available information, including information available online from the Nevada Secretary of State.

7. The amount in controversy in this action substantially exceeds $75,000.00.

## FACTS

8. In June 2016, Tangiers agreed to loan Esports funds in the amount of $60,000.00.

9. Pursuant to the Note, Tangiers was obligated to deliver $60,000.00 to Esports, and the Note was due and payable on March 3, 2017 (the "**Maturity Date**"). However, if Esports paid the Note off in full within 90 days of the effective date (pursuant to the pre-payment terms contained in the Note), Tangiers agreed to waive the 8% interest charge. *See* Note at 1.

10. Between June 10, 2016, and June 16, 2016, Tangiers fulfilled its funding obligation in accordance with the terms of the Note.

11. Pursuant to the terms of the Note (as amended), Esports was also required to perform certain obligations, including reserving an adequate number of shares of Esports subject to the Note, and delivering those shares upon Tangiers' conversion requests.

12. As an incentive to provide funding pursuant to the Note, the parties entered into the Purchase Warrant for the benefit of Tangiers, which granted Tangiers the right, at any time during the period of five (5) years from the date of the Purchase Warrant, to "subscribe for and purchase from [Esports] up to 427,777 shares [] of Common Stock." Exhibit A at 1. According to Section 1(b) of the Purchase Warrant, "the exercise price per share of the Common Stock under [the] Warrant [was] $0.14." *Id*. at 1(b).

13. On September 19, 2016, Tangiers and Esports amended the Note (the "**Amendment**") to reduce the principal amount of the loan to $60,000.00. However, the Amendment did not alter any other terms of the Note or the Purchase Warrant.

14. In an effort to ease Esports' concern that Tangiers would enter the market by exercising its conversion rights under the Note on the Maturity Date, on February 17, 2017 (approximately a week prior to the Maturity Date), Tangiers and Esports entered into a Settlement Agreement and Release (the "**Agreement**") (the Note, Purchase Warrant, Amendment and Agreement are hereafter collectively referred to as the "**Transaction Documents**") solely in connection with the Note.

15. Section 1.00(a) of the Note provides as follows:

> <u>Conversion Right</u>. Subject to the terms hereof and restrictions and limitations contained herein, the Holder shall have the right, at the Holder's sole option, at any time after 90 days from the date of this Note to convert in <u>whole</u> or in part the <u>outstanding and unpaid Principal Amount</u> under this Note into shares of Common Stock as per the Conversion Formula. The date of any conversion notice . . . hereunder shall be referred to herein as the "Conversion Date."

Note at §1.00(a) (emphasis added).

16. The Agreement obligated Esports to pay Tangiers a total of $90,000.00 in full payment and settlement of its obligations under the Note in five (5) installment payments, which commenced on March 5, 2017.

17. As consideration for Tangiers' agreement to forgo its conversion rights under the Note, Esports agreed to issue 230,300 shares of Esports' common stock to Tangiers. *See* Agreement at ¶2. Although the Agreement set forth installment payments to satisfy the Note, the Purchase Warrant remained in full force and effect, including Esports' obligation to honor Tangiers' right to purchase 427,777 five (5) year cashless warrants. *See generally id.*; *see also generally* Exhibit A.

18. On or about April 17, 2018, in accordance with a duly executed Notice of Exercise, Tangiers properly elected to purchase 327,879 warrant shares of Esports at a strike price of $0.14. According to the Purchase Warrant, Esports was obligated to cause the requested warrant shares to be transferred to Tangiers within five (5) Trading Days (as defined in the Purchase Warrant) from the date of the Notice of Exercise. Upon providing Esports' transfer agent with its Notice of Exercise, the transfer agent notified Tangiers that a sufficient amount of reserve shares were not available to fulfill the Notice of Exercise.

19. On or about April 19, 2018, in direct violation of the Purchase Warrant, Esports refused to fulfill Tangiers' Notice of Exercise and issue the 327,879 warrant shares to Tangiers. In response to its failure to issue the warrant shares, Esports stated that Tangiers was already in receipt of all of the Esports' common stock that Tangiers was allegedly entitled to receive and that there were no additional shares due and owing.

20. As a result of the conduct stated herein, Esports is in breach of the Purchase Warrant.

**First Claim for Relief**
**Breach of Note**

21. Tangiers repeats and re-alleges the allegations contained in paragraphs 1-20 as if fully set forth in this Count.

22. Esports entered into a valid contract with Tangiers upon the execution of the Purchase Warrant and other Transaction Documents.

23. Tangiers has performed all of the requisite obligations and duties required by the Purchase Warrant and other Transaction Documents. However, by engaging in the conduct described herein, Esports has breached the terms of the Purchase Warrant, including, but not limited to, failing :(1) to expeditiously issue the 327,879 warrant shares at an $0.14 exercise price pursuant to the Notice of Exercise; and (2) to "take all such reasonable action as may be necessary to assure that such Warrant Shares . . . be issued as provided herein . . ." Exhibit A at §§1 and 4(d).

24. As a direct and proximate result of Esports' breach, Esports has caused Tangiers to suffer damages in an amount to be determined at trial.

### Second Claim for Relief
### Unjust Enrichment

25. Tangiers repeats and re-alleges the allegations contained in paragraphs 1-24 as if fully set forth in this Count.

26. Tangiers asserts this claim for unjust enrichment in the alternative, as provided by Fed. R. Civ. P. 8.

27. Esports unjustly retained money or benefit from Tangiers against fundamental principles of justice or equity and good conscience.

28. Tangiers has been required to retain the services of an attorney to prosecute these matters and is entitled to recover its reasonable attorneys' fees and costs incurred

29. Esports benefitted from the funding provided by Tangiers. As a result, Esports was unjustly enriched to Tangiers' detriment.

**PRAYER FOR RELIEF**

WHEREFORE, Tangiers prays as follows:

1. For a Judgment in Tangiers favor and against Esports;

2. For compensatory damages in an amount to be determined at trial;

3. For prejudgment interest at the legal rate;

4. For such other and further relief as the Court may deem just and proper.

Dated:  August 3, 2020

**KENNEDY & COUVILLIER, PLLC**

<u>/s/ Maximiliano D. Couvillier III</u>
Maximiliano D. Couvillier III, Esq.
Nevada Bar No. 7661
3271 E. Warm Springs Rd.
Las Vegas, NV 89120
Tel:  (702) 605-3440
Fax:  (702) 625-6367
Email: mcouvillier@kclawnv.com

*Attorneys for Plaintiff Tangiers Global, LLC*